UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DONALD HOOLAN, et al.,

                      Plaintiffs                       **ORDER**
                                                                   CV 10-3887 (DRH)(ARL)

      -against-

STEWART MANOR COUNTRY CLUB,
LLC, et al.,

                      Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is defendants' letter application dated September 30, 2011 seeking, *inter alia*, to reopen discovery.[1] Plaintiff opposes the application. " A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." *Spencer v. International Shoppes, Inc.*, No. CV 06-2637 (AKT), 2011 WL 3625582, at *1 (E.D.N.Y. Aug. 16, 2011). In considering a request to reopen discovery, courts examine "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Id.*

      In this case, the deadline for completing discovery expired on July 19, 2011. Defendants made no applications to extend the discovery deadlines or to compel responses to their discovery demands. Nevertheless, by Order dated August 1, 2011, the district court gave defendants an opportunity to make an application to the undersigned to reopen discovery, stating, in pertinent part:

> The Court has received Plaintiffs' request for a pre-motion conference in
> anticipation of moving for summary judgment. Defendants' response indicates
> that certain discovery items remain outstanding. Defendants do not indicate,
> however, whether they would require such discovery in order to fully respond to
> the motion for summary judgment. The court notes that discovery in this action
> closed on July 19, 2011 and the Defendants did not move to extend that deadline

---

[1]By Order dated October 13, 2011, the district court referred that portion of defendants' application to reopen discovery to the undersigned and explicitly stated that the "referral does not constitute any finding by the Court as to the timeliness of defendants' present application." *Order*, dated October 13, 2011 (District Judge Hurley).

or to compel responses to its discovery demands. The parties are directed to meet and confer forthwith in an attempt to resolve any discovery disputes. To the extent Defendants wish to make an application to re-open discovery and compel Plaintiffs to produce outstanding discovery items, such application must be made directly to Magistrate Judge Lindsay on or before August 4, 2011. . . .

*Order*, dated August 1, 2011 (District Judge Hurley). Despite the district court's direction to make their application to the undersigned, no such application was ever made. Moreover, defendants have not proffered any explanation for their failure to do so. Under these circumstances, defendants have failed to establish good cause. Accordingly, having had a fully adequate opportunity to conduct discovery, defendants motion to reopen discovery is denied.

Dated: Central Islip, New York  
      October 21, 2011

**SO ORDERED:**

_____/s_____  
ARLENE R. LINDSAY  
United States Magistrate Judge